COURT OF APPEALS OF VIRGINIA


Present:  Judge Annunziata, Agee and Senior Judge Coleman


LARRY HARLEN SERGENT

                                    MEMORANDUM OPINION*
v.    Record No. 1455-01-3              PER CURIAM
                                     NOVEMBER 6, 2001
FREEDOM FORD LINCOLN MERCURY, INC. AND
 UNIVERSAL UNDERWRITERS INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           (D. Allison Mullins; Lee & Phipps, P.C., on
           brief), for appellant.

           (William F. Karn; Butler, Williams, Pantele &
           Skilling, P.C., on brief), for appellees.


     Larry Harlen Sergent (claimant) contends the Workers'

Compensation Commission erred in finding that (1) Freedom Ford

Lincoln Mercury and its insurer (hereinafter referred to as

"employer") proved that he was released to return to his

pre-injury work as of March 20, 2000 and that any continuing

disability was not causally related to his compensable November

11, 1999 injury by accident; and (2) he failed to prove that his

partial disability from May 26, 2000 through June 11, 2000 and

temporary total disability after June 11, 2000 were causally

related to his compensable November 11, 1999 injury by accident.

Upon reviewing the record and the briefs of the parties, we

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  See Rule 5A:27.

In granting employer's application and denying claimant's application, the commission found as follows:

> The Deputy Commissioner found that the claimant's disability after March 20, 2000, was unrelated to the November 11, 1999, accident.  We agree.  The claimant's treating physician, Dr. [D. Kevin] Blackwell, opined that the claimant's symptoms and disability after March 20, 2000, were related to his degenerative disease process, not his injury of November 1999.  This opinion was uncontradicted. Dr. [Neal A.] Jewell opined in February 2000 that the claimant's pain was related to his injury.  Dr. Blackwell agreed with this assessment and adequately explained, based on his clinical findings and diagnostic testing, that by March 20, 2000, the claimant's pain, symptoms, and disability were related to his unrelated degenerative disease.  Dr. Jewell did not treat claimant after February 2000.  The Deputy Commissioner correctly relied on the opinion of Dr. Blackwell, the treating physician.

I.

"General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'"  Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572

- 2 -

(1986)).  Factual findings made by the commission will be upheld on appeal if supported by credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Dr. Blackwell's opinions constitute credible evidence to support the commission's findings that claimant was released to return to his pre-injury work as of March 20, 2000 and that his disability thereafter was not causally related to his compensable November 11, 1999 injury by accident.[1]  As fact finder, the commission was entitled to weigh the medical evidence and to give more probative weight to Dr. Blackwell's opinions than to the opinions of Dr. Jewell, who did not treat claimant after February 2000.  "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."  Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).  Moreover, "[i]n determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of

---

[1] We note that Dr. Galen Smith who examined claimant on July 17, 2000 did not disagree with Dr. Blackwell's findings or conclusions.  Dr. Smith stated that he would defer to Dr. Blackwell for further treatment recommendations and work restrictions if such were necessary.

the credibility of the witnesses."  <u>Wagner Enters., Inc. v.</u>
<u>Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

                                II.

    Unless we can say as a matter of law that claimant's
evidence sustained his burden of proving that his partial
disability from May 26, 2000 through June 11, 2000 and total
disability thereafter were causally related to his compensable
November 11, 1999 injury by accident, the commission's findings
are binding and conclusive upon us.  <u>See</u> <u>Tomko v. Michael's</u>
<u>Plastering Co.</u>, 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

    In light of Dr. Blackwell's uncontradicted opinion, we
cannot find as a matter of law that claimant proved he was
partially disabled between May 26, 2000 and June 11, 2000 and
temporarily totally disabled after June 11, 2000 as a result of
his compensable November 11, 1999 injury by accident.

    For these reasons, we affirm the commission's decision.

                                            <u>Affirmed.</u>